[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By several mesne conveyances, the relationship of the plaintiffs, Peter Demetropoulos and Sharon Demetropoulos, as tenants and the defendant, Alan H. Ufland as landlord became established. There is a valid and viable written lease dated the 5th day of December 1979 outstanding between.
The premises to which the lease is subject is identified as 2457 Whitney Avenue, Hamden, Connecticut. The said premises are occupied by several tenants including the plaintiffs.
The plaintiffs own and operate a donut shop. Donuts are made and prepared on premises. Ingredients used in the making and preparation of the donuts including 50 lbs. bags of flour are delivered to the plaintiffs' donut shop.
Other tenants of said premises include Audiology Hearing Aid Associates, Caliendo's Barber Shop and Made Rite Shade Co.
The use and occupancy of the premises by the various tenants generates rubbish. Each tenant generates rubbish in different proportions. However the plaintiffs and Made Rite Shade Co. are major contributors.
The city of Hamden does not provide rubbish and garbage; removal to commercial establishments. Therefore the plaintiffs engaged the services of Dees Inc. to provide a dumpster to said premises and further to dispose of the rubbish collected therein. Parenthetically, the Health Ordinance of the city of Hamden requires dumpsters to be emptied regularly. CT Page 1040
The billing process and payments for invoices pertaining to rubbish removal was between the plaintiffs and Dees Inc. Since about July 1988 to October 4, 1991, the plaintiffs have expended the sum of $8127.88 for rubbish removal.
The premises identified as 2457 Whitney Avenue, Hamden also has on and off premise parking appurtenant to it. This parking is for the use of customers and clients of the tenants including the plaintiffs.
The premises are subject to snow fall and ice accumulation during the winter which interfere with the plaintiffs use of the premises. Therefore the plaintiffs engaged the services of one Donald Bassett for snow removal and sand of any ice.
The billing process and payments for invoices pertaining to snow and ice removal was between the plaintiffs and Donald Bassett. From December 13, 1988 to February 15, 1991 the plaintiffs have expended the sum of $1220.00 for snow and ice removal. The plaintiffs have expended the total sum of $9347.88 for rubbish, snow and ice removal from July 1988 to October 4, 1991.
Paragraph 10 of said lease dated the 5th day of December 1979 provides as follows: "MAINTENANCE BY LESSEE. Lessee agrees to be responsible and pay for his proportionate share of the following maintenance items: common area maintenance — rubbish, snow and ice removal." The correlation to this paragraph therefore is that the landlord would be responsible for any proportionate share of said maintenance items for which the lessees would not be responsible. In other words the landlord would be responsible for the balance, if any, of any maintenance item.
Pursuant to said paragraph 10, the plaintiffs claim that they are only responsible for 50% of rubbish, snow and ice removal and therefore the landlord is responsible for 50% of rubbish, snow and ice removal. ". . . the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract." Sturman v. Socha, 191 Conn. 1,10 (1983)
It is also important to note that the interplay and relationship of the litigants as tenants and landlord must be founded in established normal and usual tenant-landlord relationship, absent any evidence to the contrary. Each litigant has certain benefits and burdens which arise from this tenant-landlord relationship. The tenant must abide by the terms of CT Page 1041 lease including the payment of rent and other financial obligations. The tenants' benefit is to use and enjoy the rented premises as anticipated when they entered into this lease. It is not the plaintiffs' burden to arrange for rubbish snow and ice removal for the said premises nor is it their burden to pay all the cost of said rubbish, snow and ice removal.
The landlord must also abide to the terms of the lease. His benefit is to receive rents and other payments from the tenant. His burden is to operate the premises (especially in a multi-tenant structure) so that the tenants may use their premises in a reasonable manner, as they anticipated, free from landlord like responsibilities.
The landlord may not sit back and collect rent and ignore the reasonable requests of the tenant that the landlord provide rubbish, snow and ice removal for which the plaintiffs were willing to pay their proportionate share.
The undersigned finds that the plaintiffs' proportionate share of rubbish, snow and ice removal is 50%. This finding is also consistent with other terms of the lease including paragraph 6 which calls for 50% regarding taxes and insurance. Further, the tenants' rented portion is 50% of the entire structure.
Therefore judgment may enter in favor of the plaintiffs on their complaint in the amount of $4673.94. Costs are awarded to the plaintiff in accordance with the applicable Connecticut General Statutes.
The undersigned also finds that the litigants hereto have also waived any rights they may have under paragraph 24 of said lease, Arbitration, by bringing this action to the Superior Court and agreeing to a trial before the Superior Court and further by not objecting to this matter being determined by the Superior. Court.
MORAN, JUDGE CT Page 1042